## Lambert et al. *v.* National Hog Company.

*Receivers—Appointment by State court—Account—Bankruptcy —Receiver in bankruptcy—Federal court.*

1. A receiver in equity should account to the court which appointed him, even though the estate was afterwards adjudicated a bankrupt.

*Account—Exceptions—Issues of fact—Hearing—Confirmation.*

2. Where exceptions to an account raise controlling issues of fact in regard to some of the credits claimed therein, it is error to confirm the account without giving exceptants an opportunity to prove the facts alleged by them to deny such right violates the due process of law constitutional provision.

Submitted Oct. 22, 1918. Appeal, No. 187, Oct. T., 1918, by the South Side Trust Company of Pittsburgh,

Receiver (now trustee) in Bankruptcy of the Estate of the National Hog Company, and Albert J. Marsh et al., Creditors of the National Hog Company, from decree of C. P. Allegheny Co., Jan. T., 1918, Docket A, No. 673, dismissing exceptions to account of the receiver, T. M. Gealey, in case of H. R. Lambert et al. v. National Hog Company.    Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ.    Reversed.

Exceptions to account of receiver.    Before CARNAHAN, COHEN, MACFARLANE and SHAFER, JJ.

The court dismissed the exceptions.    The receiver in bankruptcy and creditors of the National Hog Co. appealed.

*Error assigned* was the order of the court dismissing exceptions.

*Lowrie C. Barton* and *Lewis M. Alpern,* for appellants, cited: In re Sage, 224 Fed. 525; In re Neuburger, 233 Fed. 701; Gealey v. South Side Trust Co., 41 Am. B. R. 645; In re Williams, 240 Fed. 788; Graham Mfg. Co. v. Davy-Pocohontas Coal Co., 238 Fed. 488; In re Standard Fuller Earth Co., 186 Fed. 578.

*R. B. Ivory,* for appellee, cited: Loveless v. Southern Grocery Co., 159 Fed. 415; Watts & Sachs, 190 U. S. 1; Shannon v. Shepard, 42 Am. B. R. 12.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1919:

On bill filed the Court of Common Pleas of Allegheny County, appointed a receiver for the National Hog Company, an insolvent corporation.    Subsequently proceedings in bankruptcy were instituted in the District Court of the United States for the Western District of Pennsylvania, and a receiver and afterwards a trustee in bankruptcy were appointed by that court.    These proceedings, of course, superseded the receivership in the Court

of Common Pleas.  Its receiver, however, had performed services in carrying out the purposes of his appointment, and had certain funds for distribution to those entitled thereto.  He filed his account in the Court of Common Pleas, and exceptions thereto were filed by the receiver in bankruptcy and by certain of the unsecured creditors of the National Hog Company.  These exceptions alleged (a) that the account should have been filed in the bankruptcy proceedings, especially as certain of the credits claimed were for services rendered and expenses incurred and paid after the inception of the bankruptcy proceedings; and (b) that certain of the credits claimed in the account were excessive and improper.  The court below without taking testimony or referring the matter to an auditor, dismissed the exceptions and confirmed the account absolutely.  From that decree this appeal is taken.

It would be an anomaly in the law if a receiver, who is an officer of the court appointing him, was denied the right to account to that court.  He is the arm of the court, doing the court's work, and all that he has he holds for the court.  Doubtless Congress could require that an accounting where bankruptcy supervenes, should be had only in the bankruptcy court, for the control of Congress over such matters is supreme; but it would require a clear expression of such an intention, before the courts would so hold.  In the present case there is no such clear expression in the statutes.  The district courts, sitting in bankruptcy, have varied in their conclusions as to whether or not such a requirement is necessarily implied from the language used in the several bankrupt acts; but the State courts seem to be of one mind in antagonism to such a claim, and the Supreme Court of the United States in In re Watts, 196 U. S. 1, said, under circumstances existing here: "It remained for the State court to transfer the assets, settle the accounts of its receiver, and close its connection with the matter.  Errors, if any, committed in so doing, could be rectified in due course and in the designated way."  We have not been advised of or found any

later antagonistic decision of that court.   On the other hand, in one branch of these same bankruptcy proceedings, in Gealey v. South Side Trust Co., 41 Am. Bank. Rep. 645, In re Watts, supra, was cited and followed by the Circuit Court of Appeals for the 3d Circuit.   We hold, therefore, that the Court of Common Pleas had both a right and a duty, in the first instance, to settle and adjust the accounts of its receiver.

But no such settlement and ajustment could properly be made without a consideration of the account itself, and a hearing of the objections of interested parties; and no such hearing could be efficacious, under the due process of law provisions of the Constitutions of the United States and of this State, without giving such interested parties an opportunity to produce their evidence touching the disputed items in the account.   Both classes of objectors here are interested parties, yet neither was given an opportunity to produce evidence.   That was clear error.

It must be understood that we decide no questions of law or fact arising on the accounting.   All those matters must be considered and determined, in the first instance, by the court below.

The decree of the court below is reversed, the exceptions reinstated, and the record remitted with a procedendo.