## Harris et al., Administrators, v. Meek et al.

*E. L. Orvis* and *A. C. Dale,* for petition.

*N. B. Spangler* and *Ivan Walker,* contra.

FLEMING, P. J., Oct. 31, 1929.—This matter is before the court upon a rule on the trustee in bankruptcy of the Centre County Banking Company, bankrupt, as well as the trustee in bankruptcy of the individual estates of Mary C. Harris and John M. Shugert, bankrupts, being one and the same person, to show cause why this court should not allow compensation to the attorneys for the receivers in such sum as this court shall decide.

The question presenting itself at the threshold is that of jurisdiction. Is it for this court to determine the fees to be allowed the attorneys or is it for the Federal court? Counsel for the receivers cite for our attention Gealey *v.* South Side Trust Co. (C. C. A., 3rd Cir.), 249 Fed. 189, wherein the court says:

"We are urged to lay down some rule of procedure in such cases hereafter. In the nature of things this cannot be done farther than to call attention, as Chief Justice Fuller did in the case cited, to the fact that, although the paramount jurisdiction and the right of possession is in the District Court, yet, the goods of the bankrupt being already in possession of another court, there still exists, in the necessary change of possession, the rule of comity between courts, the application of which must, in the final analysis, be left to the good sense and considerate conduct of those controlling such comity-related courts."

We must endeavor, therefore, to exercise, to the best of our ability, good sense and considerate conduct in determining whether we shall assume jurisdiction and dispose of the petition or whether we shall permit the matter to be disposed of under the procedure of bankruptcy administration.

The history of the Centre County Banking Company urges careful consideration of the rights of the thirteen hundred-odd depositors whose interests have been shunted while legal battles to avoid responsibility have been fought by a few. Certainly and most emphatically, were we to assume jurisdiction, would we disallow any claim for services rendered any of these resisting parties in the course of the litigation following the closing of the bank's doors. We do not gainsay their rights or attempt to pass judgment upon the merits of their contentions, but do hold that all such services rendered were rendered to them personally and should be paid for by them and not by the depositors of the insolvent bank.

If the bankruptcy courts assume the jurisdiction, every creditor of the defunct bank will receive notice and thereby be given an opportunity to be heard if they desire to object. This court affords no provision for such notice to these creditors. The history of practically all the endeavors of the petitioners lies in the bankruptcy court. The records of this court as to their endeavors are almost entirely silent. We have nothing by which we can ascertain whether or not the activities of the petitioners have been for the best interests of the estate or not. Such fact is determinable only in the bankruptcy court. Further and above all, we have had ample opportunity to view comparatively the operations of the receivership and the operations of bankruptcy administration and see plainly and without a shadow of doubt that efficiency for and relief of the creditors has been shown and resulted alone from the latter.

The question of comity is clearly determined by the words of the present learned judge of the District Court for the Middle District of Pennsylvania, who speaks to us as follows: "While I know your judgment on the matter would be as good as mine, the responsibility appears to be placed by law on me, and I fear I will not have the right to waive it or yield jurisdiction in a matter which appears to rest exclusively with the District Court." Thereby all thought of comity, as moving jurisdiction to us, passes, and in the exercise of good sense and considerate conduct we must yield jurisdiction, if any we have, to the District Court.

We are not unmindful of Lambert v. National Hog Co., 263 Pa. 354, cited by petitioners. There the question was whether or not the receiver appointed by the state court should account to such state court or to the bankruptcy court, and it was held to be the former. We do not herein hold that our receivers shall not account to us. On the contrary, we shall direct the immediate transfer of assets by our receivers to the trustee in bankruptcy in order that the work of finally closing the bank's affairs may proceed. We shall forthwith direct the receivers to account. Exceptions to such account, if sustained, can result in no lessening of the balance at least. With the confirma-

tion of such account, the receivers can be discharged and sureties released. The administration in bankruptcy as to receivers' compensation and the compensation of all attorneys will in no manner delay the orderly settling of the whole matter and should bring to an early end that which has been pending, to the distress of many, since 1922.

And now, Oct. 31, 1929, the rule is discharged and the receivers heretofore appointed by this court are directed to turn over to Ivan Walker, trustee in bankruptcy, all assets now in their hands and they shall forthwith account to this court for all matters pertaining to their trust.

From S. D. Gettig, Bellefonte, Pa.