### RECEIVERSHIP OF BREAZEALE–HYAMS MOTORS, Inc., v. OPPOSITION OF Mc-CASKEY REGISTER CO. et al.*

No. 4502.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

Rusca & Cunningham, of Natchitoches, for appellants.

Phanor Breazeale, of Natchitoches, for appellee.

MILLS, Judge.

Three stockholders in the Breazeale-Hyams Motors, Incorporated, a Louisiana corporation, domiciled and doing business at Natchitoches, La., on January 6, 1932, filed a petition for the appointment of a receiver. They attached to their petition a resolution of the board of directors reciting that the corporation is unable to meet its obligations as they mature, and that a receiver is necessary to preserve and administer its assets.

Without further proceedings, on the same day, an order issued appointing T. C. Barnes receiver. He qualified by giving bond, and filed an inventory and appraisement listing movables appraised at $1,274.72, and two lots at $25 each.

On May 16, 1932, the receiver prayed for and obtained an order to sell, after due advertisement, at public auction for cash and without appraisement, all of the property, both real and personal, of the corporation. The property was duly advertised, and on June 11, 1932, the movables sold for $68. The two lots were sold on July 13, 1932, for $15; thus disposing of all the inventoried assets of the corporation.

On July 15, the receiver filed a final account, showing the sales, payment of privileged debts, and a balance of $306.38 for distribution among the ordinary creditors. At this stage of the proceedings, when all that remained to be done was the distribution of the above balance, on July 30, 1932, the estate of D. H. Veal, appearing as a stockholder, and the McCaskey Register Company, a creditor, joined in an opposition to the final account in its entirety on the ground that opponents in another suit then pending, were seeking to set aside and avoid the appointment of the receiver, for grave and serious nullities set forth in said suit; that all the

acts of Barnes, styling himself a receiver, are null and void ab initio, including the filing of the account, for the rejection of which they pray.

The opposition does not allege any injury, nor does it attack any item on the account or any particular action on the part of the receiver. It does not allege ignorance of the appointment or conduct of the receiver. On the contrary, as it alleges this suit to vacate his appointment was filed on June 10, 1932, opponents are bound to have had notice of the sales, which took place, without objection, in July, after the filing of their suit.

From a judgment dismissing the opposition, opponents have appealed.

The receiver moves to dismiss the appeal, for the reason that this opposition contains no allegation of injury, makes no attack upon the correctness of the final account, and is not properly certified to; that opponents, having stood by and permitted the administration of the receiver without seeking an injunction or stay of proceedings, cannot now oppose the final account. That in any event the questions involved are purely moot, as nothing remains to be done in the receivership, except the distribution of the funds on hand, the correctness of which, as shown on the account, is not attacked. That there is no right to appeal from an interlocutory decree. That the opposition is based wholly upon the suit to set aside the appointment of the receiver. That this suit having been dismissed upon an exception of misjoinder, the opposition necessarily falls.

From considerations of time and space, we think it advisable to disregard the motion to dismiss the appeal and other technicalities, and deal with the opposition to the final account, from a practical standpoint. The case of McGilliard v. Donaldsonville Foundry & Machine Works, Ltd., 104 La. 543, 29 So. 254, 255, 81 Am. St. Rep. 145, is ample authority for so doing. The syllabus in that case by the court holds:

"The opposing creditors have raised a number of issues regarding the irregularity of the proceedings. They have admitted the necessity of appointing a receiver, and thereby cured all defects, if any existed, to the proceedings looking to the appointment."

Objections pertinent only to other stages of the suit will not be considered on the receiver's accounting. The mere question of the right of the receiver cannot then be raised. 53 C. J. 371, § 602.

Creditors who stand by and make no objection whilst the property of their debtor, a corporation in the hands of a receiver, is sold by order of the court, will be held to have acquiesced to said sale and will not be heard upon opposition to the receiver's final account, to oppose it. In re Sheets Lbr. Co., 52 La. Ann. 1337, 27 So. 809.

An attack on a sale by a receiver cannot be made by opposition to a final account. Receivership Bonita Mercantile Co., 129 La. 1046, 57 So. 332.

In this case, considering the above authorities and the stage at which the opposition was filed, which in itself suggests no grounds of nullity, a copy of the petition in the other suit not being attached; that it alleges no injury; that it does not deny the necessity of a receiver; that it attacks no item in the account of or action by the receiver; and that it asks for no stay of proceedings, but prays simply for the rejection of the account—we find no error in the action of the lower court in dismissing it.

The judgment of the lower court is accordingly affirmed.