Haas *v.* Howard Lanin Music
(S. E. Sostmann Co., Appellant).

Argued March 10, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph A. Keough,* with him *Albert M. Hankin* and *Levi, Mandel & Miller,* for appellant.

*Joseph First,* with him *Murdoch, Paxson, Kalish & Green,* for appellee, co-receiver.

OPINION BY BALDRIGE, J., April 16, 1937:

On December 21, 1935, David W. Haas, a stockholder of Howard Lanin Music, a corporation "engaged in the business of furnishing orchestras and entertainment and conducting, operating and managing a restaurant and cafe, known as Howard Lanin's Town Casino," filed a bill in equity, praying for the appointment of receivers. The corporation filed a consent answer, and the court appointed receivers as prayed for, and authorized them to continue the business. Notice thereof was given to the creditors, and the business was conducted until April 4, 1936.

On June 5, 1936, the receivers sold all the physical assets at public auction, and on June 24th filed their

final account. Exceptions were filed by creditors on July 23d, the time fixed for the audit, and the same day they were peremptorily dismissed without an opportunity given the exceptants to take testimony or to make an argument in support thereof, and the account was confirmed.

In the meantime, on December 30, 1935, a petition in bankruptcy had been filed in the District Court of the United States for the Eastern District of Pennsylvania. After a jury trial, and prior to the audit of the receivers' account, the corporation was found to be insolvent, and on July 2, 1936, an order of adjudication in bankruptcy was entered. The trustee in bankruptcy filed a petition with the referee for an order on the receivers to file an account in the bankruptcy court. The referee refused to make such an order, and that ruling was sustained by the district court.

On July 25, 1936, a petition for distribution was filed, and the court of common pleas on that date ordered the payment of receivers' and counsel fees, and directed the receivers to turn over the balance in their hands to the trustee in bankruptcy. This appeal was taken from the decree of the common pleas court dismissing exceptions to the allowance of the fees.

The first position taken by the appellant, a creditor, is that the court's action in appointing receivers and authorizing their continuance of the business was contrary to law, as the bill contained an averment that the corporation was solvent and failed to allege mismanagement.

The complainant set forth in the bill that the corporation, while solvent, was unable to meet its current liabilities; that several of its judgment creditors were threatening execution and there was danger of its assets being dissipated and seized; that a receiver was necessary to preserve its property. The petition to the federal court, one week after the appointment of receivers,

praying for an order adjudicating the corporation a bankrupt, clearly indicates that the appellant was aware of the insolvency of the corporation, despite the assertion to the contrary in the bill filed in the court of common pleas. It had knowledge of the appointment of the receivers as notice was given the creditors, and it so alleged that fact in the petition filed in the bankruptcy court. The appellant made no objection to the action of the equity court. If it questioned the power of the court to appoint receivers and authorize them to continue the business, its duty was to move and not wait, until after an account was filed by the receivers, to attack the court's authority to make the appointment and direct the continuation of the business until further order. It was too late to challenge the court's authority after the property was sold by the receivers and nothing remained to be done but distribute the balance among the creditors: *Blum Bros. v. Girard Natl. Bank,* 248 Pa. 148, 93 A. 940; *Receivership of Breazeale-Hyams Motors Inc. v. Opposition of McCaskey Register Co. (La.),* 146 So. 348; 16 Fletcher, Cyc. of Corps., §7874. As it was subsequently shown that on the date of the appointment of the receivers the corporation was, in fact, insolvent, the appellant was in nowise harmed by the course pursued; it was in the same position as if insolvency had expressly been averred in the bill in equity.

The claim of the appellant, that after the adjudication in bankruptcy the state court had no authority to fix the amount and order the payment of fees to counsel and the receivers, is well founded. Upon the adjudication of bankruptcy, all the property of the bankrupt vested in the trustee as of the date of filing the petition in bankruptcy. The jurisdiction of the federal court having attached, it at once became paramount and exclusive. The state court had no authority there-

after to order payment of counsel and receivers' fees: *Gross v. Irving Trust Co.,* 289 U. S. 342, 77 L. ed. 1243. In *Taylor v. Sternberg,* 293 U. S. 470, 472, 79 L. ed. 599, it was said: "In the present case, with the supervening bankruptcy, the possession of the state court came to an end, and that of the bankruptcy court immediately attached. This result was binding upon the state court and equally binding upon the receiver as custodian for that court ...... Thereafter, the estate in its entirety was held by the receiver as a mere repository for the bankruptcy court."

The lower court, in its opinion written after the appeal was taken, stated it was proper that a recommendation be made to the federal court as to the allowance of compensation to the receivers and counsel. But the order from which this appeal was taken was an absolute allowance and was not in the nature of a recommendation. The federal court may or may not, as it sees fit, act upon the recommendation of the state court. The ultimate authority to determine the proper fees is in the federal court, and therefore the state court was in error in making an unqualified order, from which this appeal was taken.

There arises the further question: Should the court of common pleas or the federal bankruptcy court pass upon the exceptions to the receivers' account which were improperly dismissed by the state court?

The matter of jurisdiction over a receiver's account, with pending exceptions, was not involved or discussed in *Gross v. Irving Trust Co.,* supra, and *Taylor v. Sternberg,* supra. Those cases, not expressly, but by implication, may seem to give some support to the contention that all matters pertaining to the account, including conflicting claims and exceptions, should be finally passed upon by the bankruptcy court. What was said

there, however, must be interpreted in the light of the facts therein presented. The only question before the court in each of those cases was whether the bankruptcy court had authority to compel the receiver appointed by the state court to turn over the estate without deducting receiver's and counsel fees.

In *Lambert et al. v. National Hog Co.*, 263 Pa. 354, 106 A. 541, where the factual situation, including dismissal of exceptions to the receiver's account without giving interested parties an opportunity to produce evidence, etc., was practically identical to that confronting us here, it was definitely decided that the state court has jurisdiction to pass upon exceptions to a receiver's account. Mr. Justice SIMPSON, speaking for the court, said (p. 356):

"It would be an anomaly in the law if a receiver who is an officer of the court appointing him, was denied the right to account to that court. He is the arm of the court, doing the court's work, and all that he has he holds for the court. Doubtless Congress could require that an accounting where bankruptcy supervenes should be had only in the bankruptcy court, for the control of Congress over such matters is supreme; but it would require a clear expression of such an intention, before the courts would so hold. In the present case there is no such clear expression in the statutes. The district courts, sitting in bankruptcy, have varied in their conclusions as to whether or not such a requirement is necessarily implied from the language used in the several bankrupt acts; but the State courts seem to be of one mind in antagonism to such a claim, and the Supreme Court of the United States in *In re Watts*, 190 U. S. 1, said, under circumstances existing here: 'It remained for the State court to transfer the assets, settle the accounts of its receiver, and close its connection with the matter. Errors, if any, committed in

552

so doing, could be rectified in due course and in the designated way.'

"We have not been advised of or found any later antagonistic decision of that court."

Judge DICKINSON, in the course of his opinion filed February 9, 1937, affirming the referee in his refusal to order an account filed in the bankruptcy court, pointed out that, as the trustee, by operation of law, acquired the right of possession to the assets of the bankrupt estate, he may ask the court in control of them that they be awarded to him. The court, however, before so doing, should determine what they are, and that can only be done by requiring the receiver to file an account. "The receivers were not the appointees of the bankruptcy court and owed it no duty to account to it." *Isaac v. Hobbs Tie & Timber Co.*, 282 U. S. 734, 75 L. ed. 645, and *Gross v. Irving Trust Co.*, supra, were as here, relied upon by the appellant. The learned judge expressed the opinion, and we think correctly, that those cases in no way departed from, or were in conflict with, the rule laid down in the In re Watts case, supra.

In view of the definite decisions of our Supreme Court, Judge DICKINSON'S opinion in the federal court involving this estate, and the In re Watts case which has not been expressly overruled, we think the matter of an accounting is one to be worked out on the principles of comity between the two courts. It must be borne in mind, however, that if there is a conflict between the courts, the paramount right is in the bankruptcy court to require an accounting by the receiver. Here there is none. The federal court, as we have seen, held that the receivers should account in the state court, and, since they have done so, it would seem, in this instance, that the state court should finish what it started and pass upon the question of any alleged maladminis-

tration of the estate by the receivers. This appears to be the practical and expeditious way of disposing of the matter, and is in entire harmony with the decisions quoted.

The order of the learned court below directing payment of counsel and receivers' fees and the decree dismissing the exceptions to the receivers' account are reversed, and those exceptions are hereby reinstated for the court of common pleas to pass upon.