Warner *v.* Conn et al. (Kopp et al., Appellants).

Argued May 11, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Joseph A. Keough,* of *Keough, Huft, Bohan & Kitchen,* for appellants.

*Theodore G. Rich,* of *Bellwoar & Rich,* with him *Bertram Bennett,* of *Jenkins, Bennett & Libby,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1943:

This is an appeal from the order of the court below denying the owner of some printing machinery and equipment which passed into possession of the Receiver in Equity, virtute officii, the right to institute a sepa-

rate action against the Receiver to recover the proceeds of the sale of the machinery and equipment by the Receiver.

A Bill in Equity[1] was filed on December 2, 1942, in Court of Common Pleas No. 1 of Philadelphia County for the appointment of a Receiver to liquidate and wind up the partnership affairs of Lawrence J. Conn and Thomas A. Warner, trading as Colographic Printers. The bill did not aver insolvency. The defendant, Conn, had died and the defendant, Warner, was in the military service. On the same day the court appointed J. Carroll Deisher temporary receiver. This was made permanent on January 11, 1943.

The printing machinery and equipment which are involved in these proceedings were held by the partnership under a bailment lease with the appellants. The lease was dated December 26, 1939, and there was a balance of rental due at the time of the Receiver's appointment. The Receiver conducted the business until the end of December, 1942, and all of the assets of the defendant partnership were sold with leave of court on February 4, 1943, at public auction. On February 5, 1943, a petition for confirmation of the Receiver's sale was filed and the petition was at once granted and the sale confirmed. On the same day a petition for reclamation of the machinery here involved was filed by the Northern Machine Works and this was at once denied. An exception was taken to the last order on February 9, 1943. On March 13, 1943, a petition by the Northern Machine Works was filed praying "for leave to begin action in assumpsit against the receiver to recover the sum of $3,065.00, being the proceeds from the sale of (the) petitioner's chattels." A rule was granted and answer was filed to the petition, and, upon the hearing, the per curiam order now appealed from was rendered, denying the prayer for

---

[1] Since the Bill in Equity was not printed in the Record we have taken the facts from the appellant's History of the case.

leave to sue the Receiver to recover the proceeds of the sale.

That the sale was with the consent of the Northern Machine Works is not disputed. It is averred that it was so agreed "upon the express condition that the appellants would have the unqualified right to elect either to claim the goods out of the sale or to follow the proceeds." How they could claim the goods out of the sale after agreeing to the sale is not apparent. The sale of all the assets realized $3859.90, and the Northern Machine Works' chattels, which they had valued at $2800.00 were bid in at $3065.00. That they can follow the proceeds is not disputed but how to proceed is the question at issue.

The court below said that appellant's petition was denied "for it is obvious that the orderly liquidation of an estate would be unduly delayed if creditors asserting claims of preference could compel the Receiver to answer claims in different Courts." The court further said "that the rights of all the creditors are fully protected and may be properly adjudicated in the ordinary course of these proceedings." The judgment of the court below must be sustained.

In *Pearson Mfg. Co. v. Pittsburgh S. Co.,* 309 Pa. 340, 345, we said: ". . . The legal status of a receiver, his authority and duty, is clear. He is 'the officer, the executive hand, of a court of equity. His duty is to protect and preserve, for the benefit of the persons ultimately entitled to it, an estate over which the court has found it necessary to extend its care:' *Schwartz v. Keystone Oil Co.,* 153 Pa. 283, 286, 25 A. 1018. He takes only the interest of the owner of the property subject to all valid liens and encumbrances against it: (citing cases) . . . He collects and administers assets not in his own right, for his own benefit, but, by virtue of a court order, for the benefit of all the creditors, *secured* or otherwise . . ." (Italics supplied.)

In the second edition of Smith on Receiver 2010, Sec. 747, the author said: "The most important questions

connected with suits by or against receivers are those arising out of the requirement that leave to sue be granted by the receivership court. The confusing and conflicting decisions on this subject occur on account of the different ideas entertained by courts as to the character of an order granting leave to sue . . . The decisions, however, all agree upon the general rule that, unless authorized by statute, a suit cannot be brought against a receiver without the permission of the Court which appointed him. This rule is based upon the theory that the court first obtaining jurisdiction and appointing a receiver retains that jurisdiction, as a rule, for all purposes, settling and adjusting, in the same suit, all conflicting interests of whatsoever nature between the parties that grow out of or relate to the subject matter in controversy . . ."

In *Porter v. Sabin,* 149 U. S. 473, 37 L. Ed. 815, 13 Sup. Ct. 1008, the United States Supreme Court said: "When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. (Citing cases.)

"It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust or settle them without suit, as in its judgment may be most beneficial to those interested in the estate. Any claim against the receiver of the corporation, the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; and no suit, unless expressly authorized by statute, can be brought against the

receiver without the permission of the court which appointed him." (Citing cases.)

Our cases are not in conflict with the well settled rule that the granting of leave to sue either on behalf of or against a receiver is generally a matter within the discretion of the court. *Meehan v. Connell Anthracite Mining Co.*, 318 Pa. 481, 178 A. 833, is not in conflict with this well settled rule nor are the other cases[2] cited by the appellant in conflict therewith. The appellant admits that all of these cases "were actions allowed by the receivership court for the purpose of presently determining certain rights during the pendency of the receivership proceedings; . . ." All "are proceedings by claimants seeking to assert special interests against the property in the hands of the receivers, such as mortgagees seeking to foreclose, (and) landlords seeking to recover possession of real estate . . ." None of the cited cases relate to the presentation and the adjudication of claims; whether such claims are secured or contend for priority, or are impressed with a lien; nor do they relate to the distribution of the receivership assets, and the accounting by the receiver. The receivership court is the only one that has jurisdiction over such matters: *Lambert v. National Hog Co.*, 263 Pa. 354, 106 A. 541.[3] This is particularly true where, as in this case, the receiver's account has already been filed and the matter has proceeded to audit. At the audit is where the validity of the bailment and of the appellant's claim to the sum of money realized at the sale can most appropriately be adjudicated.

The judgment is affirmed.

---

[2] *Galey v. Guffey*, 248 Pa. 523, 94 A. 238; *Durand & Co. v. Howard & Co.*, 216 F. 585 (1914); *Odell v. H. Batterman Co.*, 223 F. 292 (1915); *American B. S. & F. Co. v. Inter. Rapid T. Co.*, 10 F. Supp. 512; *Driver-Harris Co. v. Ind. F. Corp.*, 12 F. Supp. 918; *State of Texas v. Campbell*, 120 F. (2) 191.

[3] We there said also; A. receiver "is the arm of the Court, doing the Court's work, and all that he has he holds for the Court."