404 F.2d 72
 MODART, INC., and Park & Tilford (a corporation) On behalf
of themselves and all other creditors, secured and
unsecured, of Penrose Industries Corporation (a Delaware
Corporation) et al. The Borden Company, Intervening Plaintiff,
v.
PENROSE INDUSTRIES CORPORATION (a Delaware Corporation), Sun
Ray Drug Co. (a Pennsylvania corporation) Joscar
Company, Appellant.
 No. 16995.
 United States Court of Appeals Third Circuit.
 Argued Sept. 19, 1968.
Decided Oct. 18, 1968.
 
 M. E. Maurer, Wexler, Mulder & Weisman, Philadelphia, Pa., for appellant.
 Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia Pa., for appellees Penrose Industries Corp.
 Alexander N. Rubin, Goff & Rubin, J. Jerome Sklar, Sklar, Pearl, Sklar & Sklar, Philadelphia, Pa., for Leon J. Obermayer, conservator, appellee.
 Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 In the instant equity receivership of the defendants, Penrose Industries Corporation and Sun Ray Drug Co., the District Court denied a petition of the appellant, The Joscar Company, a judgment creditor of Penrose, for leave to attach funds in the hands of the court-appointed appellee Conservator, or, in the alternative for an order directing the Conservator to satisfy Joscar's judgment.
 
 
 2
 In denying the petition, the District Court, 293 F.Supp. 1116, after noting that Joscar's judgment against the defendants had been obtained in a New York court on an unsecured claim, and had not been docketed in Pennsylvania until several months after the appointment of the Conservator, held that (1) Joscar 'has no lien nor any 'vested right" with respect to the funds held by the Conservator; (2) it was within the Court's 'equity discretion' as to whether Joscar's petition should be granted, and (3) 'it would defeat the purposes of this equity receivership to allow them (joscar) to levy execution against the Conservator now, or at any future time.'[1]
 
 
 3
 On review of the record, we cannot say that the District Court abused its permissible equitable discretion in denying Joscar's petition. That the District Court had equitable discretion with respect to the disposition of the petition is well-setted. Porter v. Sabin, 149 U.S. 473, 13 S.Ct. 1008, 37 L.Ed. 815 (1893); Warner v. Conn. et al. (Kopp et al., Appellants), 347 Pa. 617, 620-621, 32 A.2d 740 (1943).
 
 
 4
 We are further of the view that the District Court did not err in its holding that Joscar 'has no lien nor any 'vested right" with respect to the funds held by the Conservator. Joscar's New York judgment constituted a lien on real estate in that state, according to the judgment lien law of New York.[2] Since the New York judgment was not docketed in Pennsylvania until after the appointment of the Conservator, Joscar did not acquire a judgment lien on the property of the defendants since it was then in custodia legis.[3] Joscar's rights to the property in possession of the Conservator were fixed as of the time of his appointment on May 11, 1965.[4]
 
 
 5
 For the reasons stated, the Order of the District Court denying Joscar's petition will be affirmed.
 
 
 
 [1]
 Joscar's petition for leave to issue execution, etc. was filed May 16, 1966. By agreement of January 3, 1966, authorized by the District Court's Order of January 12, 1966, the Conservator provided for the settlement in full of the defendants' general unsecured creditors at 32 1/2% Of their claims, to be paid in semi-annual instalments over two years. The agreement was later amended so as to provide that if any extra funds remained at the end of the receivership and satisfaction of all claims under the agreement, they would go to parties other than the defendants. A vast majority of creditors agreed to the 32 1/2% Of settlement; Joscar did not
 
 
 [2]
 N.Y. Lien Law, McKinney's Consol. Laws, c. 33, 40-64; N.Y. CPLR 5018; 28 U.S.C.A. 1962
 
 
 [3]
 Quinn v. Bancroft-Jones Corporation, 12 F.2d 958 (W.D.N.Y.1926)
 
 
 [4]
 American Surety Co. of New York v. Finletter, 274 F. 152 (3 Cir. 1921); 3 Clark, Receivers, section 685(a) at 1264; 75 C.J.S. Receivers 134