425 A.2d 374

**Helen M. WITT, Receiver of Pioneer Finance Company, Bellevue Finance Co., Bellevue Consumer Discount Company, Pioneer Acceptance Company & Bellevue Acceptance Company, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF BANKING, Carl K. Dellmuth, G. Allen Patterson, John B. Toppin, Robert J. Sarsfield, James Robb, Raymond Bowersox, F. A. George, and Charles Cook.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1980.

Decided Feb. 4, 1981.

Paul H. Titus, Titus & Marcus, Pittsburgh, for appellant.

John L. Sweezy, Asst. Atty. Gen., Herbert L. Olivieri, Robert P. Reed, Metzger, Wickersham, Knauss & Erb, Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## ORDER

PER CURIAM:

The Court being equally divided, the order of the Commonwealth Court, 48 Pa.Cmwlth. 264, 409 A.2d 932 is affirmed.

ROBERTS, J., files an Opinion in Support of Affirmance in which O'BRIEN, C. J., and LARSEN, J., join.

NIX, J., files an Opinion in Support of Remand in which FLAHERTY and KAUFFMAN, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

Proper resolution of this case turns not on the vitality of any claimed immunities, as argued by the Opinion in Support of Remand, but instead turns on whether the present complaint can sustain preliminary objections in the nature of a demurrer.* A review of the complaint makes clear that no cause of action has been stated. Although the receiver alleges that the Commonwealth as well as the successive Secretaries of the Department of Banking and remaining individual defendants owe several duties to the public, the receiver fails to allege the existence of any statutory duty owed to the corporations subject to receivership. The Commonwealth Court's dismissal of the complaint must be sustained on this ground. See, e. g., *Mazer v. Williams Brothers Co.*, 461 Pa. 587, 593 n.6, 337 A.2d 559, 562 n.6 (1975), and *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604 n.5, 327 A.2d 94, 96 n.5 (1974) (trial court decision may be affirmed if result correct on any ground without regard to grounds actually relied on).

O'BRIEN, C. J., and LARSEN, J., join in this Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF REMAND

NIX, Justice.

Pioneer Finance Company, Bellevue Finance Company and other affiliated corporations were placed in receivership by order of the Commonwealth Court on June 27, 1974

---

* All members of this Court agree that the Commonwealth Court erred in raising sua sponte the issue of the receiver's authority to institute suit. See *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

pursuant to a petition filed by the Pennsylvania Securities Commission.[1] In response, the Commonwealth Court appointed Helen M. Witt as receiver pursuant to a consent decree entered by the court on June 27, 1974. The order of appointment directed that the receiver immediately take into custody, control and possession all assets and property belonging to the subject corporations. By subsequent order dated September 4, 1974, the receiver was also authorized to appoint counsel to assist her in the performance of her duties and to represent her in such legal proceedings as she deemed necessary and appropriate.

This appeal results from a suit in trespass initiated by the receiver and directed against the Department of Banking, it officials, agents and employees. The gist of the complaint charged the Department of Banking, its secretary and other employees with dereliction in their supervisory responsibilities over the operation of the appellant corporations. The action was instituted in the Commonwealth Court addressing its original jurisdiction.[2] Preliminary objections were filed and the Commonwealth Court dismissed the action against the Department of Banking relying upon the doctrine of sovereign immunity. The Commonwealth Court also dismissed the action against appellees, Carl K. Dellmuth and G. Allen Patterson on the grounds of official immunity.[3] Thereafter, on October 12, 1979, this Court vacated the Commonwealth Court's order and remanded the case for reconsideration in light of *Mayle v. Pa. Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) and *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978).

Upon remand, the Commonwealth Court on January 3, 1980 issued a second order sustaining the dismissal of the

1. Securities Act of 1972, Act of December 5, P.L. 1280, Nos. 284, 509(a), 70 P.S. 1–509(a) (Supp.1980) effective January 1, 1973.

2. Act of July 31, 1970, P.L. 673, No. 223, art. IV, 401(a)(1); 17 P.S. 211.401(a), now at 42 Pa.C.S. 761(a)(1).

3. Appellees Dellmuth and Patterson were the Secretaries of Banking during the periods covered in the complaint.

complaint.  As to the Department of Banking, the Commonwealth Court reaffirmed its earlier decision based on sovereign immunity.  With reference to appellees Dellmuth and Patterson, the court again concluded that they were insulated from suit on the ground of official immunity.  Finally, as to the remaining defendant-appellees, the complaint was dismissed without prejudice to the right of the receiver to seek court approval to institute such an action against these defendant-appellees.  The receiver appealed from that order and it is now before us for resolution.

We will begin our analysis by considering the receiver's right to institute this suit.  In our decision in *Warner v. Conn*, 347 Pa. 617, 32 A.2d 740 (1943) we discussed in detail the nature of an equitable receivership.[4]  Therein we stated *quoting* from *Porter v. Sabin*, 149 U.S. 473, 479, 13 S.Ct. 1008, 1010, 37 L.Ed. 815 (1893):

> When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate;  the possession of the receiver is the possession of the court;  and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it.

> It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere.  It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust or settle them without suit, as in its judgment may be most beneficial to those interested in the estate.  Any claim against the receiver of the corporation, the court may permit to be put in suit in another tribunal against

---

4.  Although the remedy of a receiver was extended by statute, since that statutory provision does not enumerate the duties and powers of a receiver appointed thereunder, it is administered on equitable principles.  R. Clark, A Treatise on the Law and Practice of Receivers (3d Ed.1959), Vol. 1, pp. 230–31.

> the receiver, or may reserve to itself the determination of;
> and no suit, unless expressly authorized by statute, can be
> brought against the receiver without the permission of the
> court which appointed him.

> *Warner v. Conn, supra,* 347 Pa. at 620–621, 32 A.2d at
> 741–42.

The *Warner* Court concluded the discussion by reaffirming
our adherence to "the well settled rule that the granting of
leave to sue either on behalf of or against a receivership is
generally a matter within the sound discretion of the court."
*Warner v. Conn, supra,* 347 Pa. at 621, 32 A.2d at 742. In
essence a receiver is the officer of the court which appoints
him or her, *Gordon v. Hartford Sterling Co.,* 319 Pa. 174, 179
A. 234 (1935); thus the receiver may not exceed the pre-
scribed limits of authority conferred by that court. *Conti-
nental Bank and Trust Co. of N.Y. v. American Assembling
Machine Co.,* 350 Pa. 300, 38 A.2d 220 (1944).

Following these basic principles, we ordinarily would look
to the order appointing the receiver to determine what
authority had been given to her by the court. In this
context, the order of September 4, 1974 authorizing her "to
appoint counsel to assist her in the performance of her
duties. . . , and to represent her in such legal proceedings as
*she may deem necessary and appropriate*" would have par-
ticular significance.[5] In this case, however, we need not
reach the question as to whether the September 4, 1974
order relieved her of the responsibility of seeking prior
approval to institute this suit because that objection was not
raised by the appellees in their preliminary objections. We
reaffirm our often stated admonition that courts should
confine their consideration to issues presented by the parties
and not usurp the role of the litigant in the management of
the lawsuit. *Cf. Weigand v. Weigand,* 461 Pa. 482, 337 A.2d

---

5. In defining the duties of the receiver the Commonwealth Court on
August 27, 1979 entered a more specific order providing *inter alia*
that the receiver had the right and duty "to elect to sue or not to
sue. . .any party failing to deliver promptly. . .any. . . asset held by
that party."

256 (1975). Unlike the question of subject matter jurisdiction which cannot be waived and therefore raised at any time or *sua sponte* by the court, we are here concerned with the authority of the receiver to institute the suit, not the capacity of the court to determine the subject matter of the controversy.[6] Whether this is to be classified as "standing to sue" or "capacity to sue," in either instance it is not a jurisdictional question and is therefore an issue which is waived, *see Erie Indemnity Co. v. Coal*, 441 Pa. 261, 272 A.2d 465 (1971); *Forsythe v. Overmyer*, 576 F.2d 779 (9th Cir. 1978), not having been properly raised and preserved.[7]

Addressing the claim against the Secretary of Banking, the Commonwealth Court concluded that appellees Dellmuth and Patterson had properly "asserted the defense of absolute or official immunity from the cause of action as asserted against them." Appellants counter that such a conclusion prior to discovery and the filing of an answer to the complaint was premature. Immunity from suit is an affirmative defense which should be raised under the heading of "New Matter" in a responsive pleading and should not be raised, as was done in the instant case, by preliminary objections. Pa.R.C.P. 1030; *Heifetz v. Philadelphia State Hospital*, 482 Pa. 386, 390 n. 5, 393 A.2d 1160, 1162 n. 5 (1978); *Freach v. Commonwealth*, 471 Pa. 558, 564 n. 6, 370 A.2d 1163, 1166 n. 6. Since, however, the Commonwealth Court ruled on the merits as to appellees Dellmuth and

6. Absence of subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the court. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Daly v. School Dist. of Darby Twp.*, 434 Pa. 286, 252 A.2d 638 (1969).

7. The distinction between standing and capacity has been made as follows:

The capacity to sue is the right to come into court; . . ., if he sues as a representative, that he shall possess the character in which he sues. It is distinguished from standing to sue which is a right to relief, which goes to the existence of the cause of action. C.J.S. Vol. 67A Parties § 10.

We need not here be detained by this somewhat metaphysical question since regardless of the answer reached the ultimate result would be the same.

Patterson, based on the preliminary objections, in the interests of judicial economy, we will do likewise.[8]

Appellants also argue that under the teaching of *DuBree v. Commonwealth, supra,* Dellmuth and Patterson should not have been held to be immune from suit.

At the outset of this inquiry, it is important to stress that the *DuBree* Court did not abrogate the doctrine of official immunity. Rather, that court directed that an analysis of its applicability should not be based *solely* upon the defendants' status as employees of the Commonwealth and that this analysis should be made on a case by case basis. *DuBree* sets forth as the underlying test: whether the application of the doctrine of immunity in the case before the court effectively advances those factors sought to be achieved by that doctrine.

The *DuBree* Court recognized that a public servant must be free to exercise his judgment unhampered by the fear of unpredictable liability. Initiative and innovation requires that the public servant by afforded the opportunity for decisions without fear of personal liability. Moreover, the public servant has a greater exposure to vexatious litigation than his counterpart in the private sector.

The spectre of having discretionary and judgmental decisions in the discharge of public functions subjected to the cold appraisal of hindsight scrutiny with the possible sanction of personal liability would deter all but the most resolute or the irresponsible. The operation of government should not be consigned to the zealot or the fool. In *Du-*

8. As to the remaining individual appellees, assertion of the affirmative defense of immunity from suit must be made in accordance with Pa.R.C.P. 1030:

"New matter" pleading is designed to compel a plaintiff to answer the defendants affirmative defenses . . . during the pleading stage to avoid an unnecessary trial. If the plaintiff answers inadequate, a motion for judgment on the pleadings may be filed. But if a reply is filed which is sufficiently pleaded, but factually inaccurate, the defendant may move for summary judgment on affidavits, depositions, discovery and other supplementary procedures. (Citations omitted.)

Goodrich-Amram 2d 1030:5, *Ruhe v. Kroger Co.*, 425 Pa. 213, 216, 228 A.2d 750, 752 (1967).

*Bree*, it was indicated that we would further refine the standard for the applicability of immunity for public officials. We, therefore, hold that where a public official makes a policy decision relating to a governmental function to act or to refrain from acting, he should not be held personally accountable for the consequences of that judgment if he acted in good faith and his action was not in flagrant violation of the duties and responsibilities vested in his office. To rule otherwise would be likely to create a chilling effect upon the servant's performance of his duties and tend to discourage the making of clear choices.

Moreover, the *DuBree* Court expressly recognized "it appropriate to protect from the possibility of suit a public servant who was not himself engaged in actionable conduct." *Id.* 481 Pa. at 545, 393 A.2d at 295. Therefore, immunity will be permitted to bar any suit based upon a theory of vicarious responsibility. Liability predicated upon the principles of respondeat superior or allegations of negligence because of inadequate supervision must reflect the dilution of control of the conduct of a subordinate in the public sector because of the restrictions imposed by civil service and tenure laws. The superior often has little, if any, input into the hiring of his subordinate. The power to discipline is usually circumscribed by inflexible regulations and ponderous procedures.

> If a public servant engages in actionable conduct in the performance of his duties, only he and the Commonwealth, his ultimate employer, are subject to suit."
> *DuBree v. Commonwealth, supra*, 481 Pa. at 545, 393 A.2d at 295.

Guided by these general principles, we will now consider the allegations of the complaint as they relate to appellees Dellmuth and Patterson. As noted by the Commonwealth Court, the gist of the complaint against Dellmuth and Patterson is an assertion of vicarious responsibility. The closest appellant comes to assigning actionable conduct on the part of these appellees is a vague assertion of inadequate supervision of certain remote employees in the chain of command.

There would be no public purpose served by exposing these public servants to personal liability for complaints of this nature. To the contrary, the people of this Commonwealth will be hard pressed to find qualified and responsible persons willing to accept responsibility of the major departments of government at the risk of personal liability for the action of an employee who they may never have seen or with whom they have little or no personal contact. The Department of Banking is charged with the responsibility of regulating an entire industry in this Commonwealth. To hold the Secretary of that department personally liable for an alleged dereliction of one of his remote employees when that employee was derelict in the discharge of his responsibility over one or two companies within the entire industry, would create the kind of impediment that would stymie the effective operation of government. Absent a showing that the Secretary had failed to prescribe reasonable regulations and directives for the operation of the department as a whole, the assessment of personal liability would in fact be no more than the adoption of a theory of respondeat superior, which has been rejected by the Court in *DuBree.* An analysis of the instant complaint satisfies us that recovery, accepting at face value the validity of the averments of the complaint, would only be justified upon a vicarious liability theory. Therefore we agree with the Commonwealth Court's conclusion that the complaint against Dellmuth and Patterson should have been dismissed.

We now turn to the Commonwealth Court's conclusion that the action against the Banking Department was barred by Act 152. *See* 42 Pa.C.S. 5110. The Commonwealth Court, relying on their decision in *Brungard v. Hartman,* 46 Pa.Cmwlth. 10, 405 A.2d 1089 (1979), held that Act 152 did control and the sovereign immunity barred this action against the Department. However, this Court has since concluded that Act 152 may not constitutionally have retroactive applications to claims that arose prior to its enactment. *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980). Since this cause of action allegedly became actiona-

ble prior to the enactment of Act 152, this Court's decision in *Mayle v. Pa. Dept. of Highways, supra,* removed the sovereign immunity bar which would otherwise have prevented appellant's receiver from instituting this suit against the Department of Banking. Thus, the Commonwealth Court's dismissal of the claim against the Department of Banking on the basis of sovereign immunity was error.

It should be noted that in view of their earlier decision the Commonwealth Court abstained from passing upon certain of appellee's preliminary objections as to, among other issues, whether appellants failed to state a cause of action. These remaining preliminary objections must still be decided by the Commonwealth Court and this opinion does not affect those determinations to the extent that they are not inconsistent with this opinion.

Finally, having concluded that the issue of the receiver's right to institute the action has been waived, it therefore follows that the dismissal of the complaint against the remaining state employees must be reinstated. We note that additional objections have been raised on behalf of these appellees including their right to immunity.[9] Since these objections, unlike in the case of Dellmuth and Patterson, were not addressed by the court below, we will not consider them at this juncture. Moreover, we direct that the immunity question should be raised in new matter to the answer filed in this case if the matter proceeds to that point.

Accordingly, the Order of the Commonwealth Court affirming the dismissal of the action against appellees, Carl K. Dellmuth, G. Allen Patterson is affirmed; the Order of the Commonwealth Court insofar as it dismisses the complaint against the Commonwealth, Department of Banking, and the appellees, John B. Toppin, Robert J. Sarsfield, James Robb, Raymond Bowersox, F. A. George and Charles Cook is reversed and the complaint is reinstated, and the matter is

---

**9.** Among these objections was one in the nature of a demurrer to the complaint. The longstanding practice in this jurisdiction is that preliminary objections not passed upon below should not initially be decided on appeal. *Goldstein v. Carillon Hotel of Miami Beach,* 424 Pa. 337, 227 A.2d 646 (1967).

remanded to the Commonwealth Court for further proceedings consistent herewith.

FLAHERTY and KAUFFMAN, JJ., join in this opinion.