843 F.2d 153
 17 Bankr.Ct.Dec. 832, Bankr. L. Rep. P 72,263
 Estel L. TAYLOR, Ida Mae Taylor
v.
FIRST FEDERAL SAVINGS & LOAN ASS'N OF MONESSEN; First
National Bank & Trust Co., Pittsburgh National
Bank, U.S. Dept. of Housing & Urban
Redevelopment, and Penna.
Dept. of Public Welfare.
Appeal of COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE.
 No. 87-3712.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant to Third Circuit
Rule 12(6) March 10, 1988.
 Decided March 31, 1988.
 
 Jason W. Manne, Office of Legal Counsel, Dept. of Public Welfare, Pittsburgh, Pa., for appellant.
 Kris A. Vanderman, Charleroi, Pa., for appellees.
 Before WEIS, GREENBERG, and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 
 1
 This matter is before the court on appeal from an order of the district court dated October 1, 1987 affirming an order of the bankruptcy court in an adversary proceeding providing that a judgment filed against the debtors Estel L. Taylor and Ida Mae Taylor on May 30, 1986 in Washington County, Pennsylvania, by the appellant, Department of Public Welfare, Commonwealth of Pennsylvania, is "void." Inasmuch as the facts are not in dispute and this appeal involves only interpretation and application of legal precepts our review is plenary. United States v. Adams, 759 F.2d 1099, 1106 (3d Cir.1985), cert. denied, 474 U.S. 971, 106 S.Ct. 336, 88 L.Ed.2d 236 (1985).
 
 
 2
 The Taylors filed a petition under Chapter 7 of the Bankruptcy Code on May 1, 1985. Subsequently they received welfare payments from the Department of Public Welfare which filed the judgment to secure their repayment. At the time the Taylors filed their petition they owned a property in the Borough of New Eagle in Washington County worth $24,000 but it was subject to liens far exceeding that value. It is undisputed that if the Taylors had not been in bankruptcy the Department's judgment would have been a lien on their property. See In Re Upset Sale, 505 Pa. 327, 333334, 479 A.2d 940, 943 (1984). Under 11 U.S.C. Sec. 541(a), after the petition was filed the property became a portion of the bankruptcy estate and, as the property has not been abandoned or sold and the bankruptcy case apparently has not been closed, it remains in the bankruptcy estate. 11 U.S.C. Sec. 554.
 
 
 3
 In the adversary proceeding the Taylors sought to have the status of the lien holders determined and to have the judgment of the Department of Public Welfare discharged on the ground it was obtained in violation of the automatic stay provisions of the Bankruptcy Code set forth in 11 U.S.C. Sec. 362(a)(3) and (4). The bankruptcy judge granted relief by disallowing as secured claims the value of the liens to the extent that they exceeded the value of the property. Further, the judge voided the judgment of the Department of Public Welfare, though he ordered that the debt owed it was not discharged so that upon the lifting of the automatic stay the Department could proceed with its remedies under state law.
 
 
 4
 The Department appealed to the district court. The district judge affirmed as he rejected the Department's argument that it was entitled to enter the judgment so it could have a lien on any property the Taylors claimed as exempt as the Taylors had neither asked for nor been granted any exemption. The judge thus believed that the judgment was entered so the Department could obtain property of the estate or could secure a lien against it in violation of the automatic stay provisions of 11 U.S.C. Sec. 362(a)(3) and (4). The Department appeals.
 
 
 5
 We will reverse. The Department stipulates and we agree that rather than being the Taylor's personal asset the property is within the estate. See In re Evergreen Memorial Park Ass'n, 308 F.2d 65, 68 (3d Cir.1962). Thus the judgment gave the Department no rights against the property. See Modart, Inc. v. Penrose Industries Corp., 404 F.2d 72 (3d Cir.1968); Davis v. Commonwealth Trust Co., 335 Pa. 387, 7 A.2d 3 (1939). Therefore entry of the judgment was not a violation of the automatic stay as the Department has not attempted to obtain property of or from the estate nor has it attempted to create, perfect or enforce a lien against the property of the estate. 11 U.S.C. Sec. 362(a)(3) and (4). Indeed it has never claimed it has a lien on the property.
 
 
 6
 Further the automatic stay is not intended to bar proceedings for post-petition claims that could not have been commenced before the petition was filed. Matter of M. Frenville Co., 744 F.2d 332, 335 (3d Cir.1984), cert. denied, 409 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Yet the consequence of the orders of the bankruptcy and district courts was to bar the Department from obtaining a judgment for its post-petition claims and from using such remedies not barred by the Bankruptcy Code as might be available to satisfy the judgment. Therefore instead of voiding the judgment the order should have provided that so long as the property is an asset of the estate the judgment will not be a lien against it, and the Department should be directed to record a copy of the new order in those state offices where its judgment has been filed. What rights, if any, the Department will have against the property if it is no longer an asset of the estate will be a matter of state law.
 
 
 7
 The order of the district court of October 1, 1987 will be reversed and the matter will be remanded to the district court for further proceedings consistent with this opinion.