**Citizens Bank v. Macungie Crossings L.L.C.**

*Magdeline D. Coleman,* for the plaintiff.
*Bruce H. White,* for the defendant.

FORD, J. March 12, 2010—This is a foreclosure action involving the appointment of a receiver. Opus East LLC contracted to develop and construct a three-building

manufacturing and distribution center in Lehigh County which was to be called Lehigh Valley Crossing. In order to complete work on the distribution center, Opus formed three limited liability companies, Macungie Crossings I L.L.C., Macungie Crossings II L.L.C., and Macungie Crossings III L.L.C. Macungie acted as the owner and developer of the distribution center.

To obtain funding for the completion of the distribution center, Macungie obtained a loan from plaintiff Citizens Bank, in the principal amount of $35,900,000. This loan was secured by the distribution center property.

Shortly thereafter, Opus entered contracts with a number of third-party subcontractors who are now requesting court permission to file suit against Citizens Bank and a receiver, CB Richard Ellis/Pittsburgh LP, which does business as CB Richard Ellis. These third-party subcontractors are S.A. Comunale Co. Inc., Perley-Halladay Associates Inc., J.F. Neuber Jr. General Contractor Inc., Wolfe Roofing and Sheet Metal Inc., Earth Engineering Inc., Four-Quarters Inc., Ace Electrical Inc., Earth Care Inc. (these subcontractors will be referred to collectively as movants).

Macungie stopped work on the distribution center. Macungie also defaulted on its loan obligation to Citizens Bank. Accordingly, Citizens Bank brought this foreclosure action. In a number of documents in this case, Macungie acknowledged its default on the loan.

On July 1, 2009, the parties to this litigation submitted an 18-page "stipulated consent order appointing receiver." There is no indication that movants had any hand

in deciding the content of this order. I signed this order appointing receiver. Under this order, receiver was given broad powers to preserve assets and minimize losses as a result of the default.

On July 22, 2009, the parties presented their "consent judgment for foreclosure" to me. On July 22, I signed this consent judgment for foreclosure in favor of Citizens Bank and against Macungie for $22,604,025.72 plus interest, other costs and expenses.

During the course of the project, Opus East and/or Macungie submitted requisitions for payment to Citizens Bank, which in turn released funds directly to Opus East and/or Macungie for payment to the subcontractors. The movants allege that, while a certain portion of those funds was forwarded to some of the movants, Opus East and/or Macungie failed to distribute at least one portion of the released funds totaling $1,317,859. These funds were deposited by Citizens Bank into an account operated by Opus East and/or Macungie at Wilmington Trust & Bank. Citizens Bank and Macungie agreed in the July 1 order that the released funds represent the total balance of construction loan funds received but not yet applied to the costs of the distribution center project.

In the motion before the court, movants are attempting to gain access to the funds held at Wilmington Trust to partially pay them for the remainder that is still owed to them. Movants ask permission of the court to file suit against Citizens Bank and receiver because under the terms of the July 1 order, they must receive court permission to sue receiver. In an order entered today, movants are granted the permission they seek.

In addition to what is explained above, there are several other provisions of the July 1 order which must be considered in deciding the present contest. One of these is paragraph 25 of the July 1 order. It directs receiver to remit the proceeds of all the property and business assets of Macungie to Citizens Bank and other creditors in order of priority.

Another is paragraph 24 of the July 1 order which reads in part:

"In no event shall the receiver be liable to anyone for good faith compliance with their duties and responsibilities, nor shall the receiver, its employees or advisors be liable to anyone for any actions taken or omitted by them *except upon a finding by this court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence or reckless disregard of their duties.*" (emphasis added)

There is no mechanism at any place in the July 1 stipulated order for the court to explore whether a finding should be made, under paragraph 24, that receiver "acted or failed to act as a result of malfeasance, bad faith, gross negligence or reckless disregard of their duties."

Also pertinent to the present inquiry is part of paragraph 30 of the July 1 order which reads:

"Excluding plaintiff (Citizens Bank), all directors, equity owners, creditors, and other persons, and all others acting on behalf of any such equity owner, creditor or other persons, including sheriffs, marshals, other of-

ficers, deputies, servants, agents, employees and attorneys are enjoined from:

"(a) Commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting defendants (Macungie) or any part of the property or business assets *without first obtaining leave of this court* except that such actions may be filed to toll any statutes of limitations. . . ." (emphasis added)

In their effort to get the court to grant leave to file suit against receiver, movants have attached exhibit B to their present motion. Exhibit B is movants' proposed complaint if they are granted permission to sue. This complaint sets forth several causes of action against receiver and Citizens Bank, including counts for conversion, breach of fiduciary duty, civil conspiracy and unjust enrichment. It appears that movants would leave it to final action on their proposed complaint for the determination under paragraph 24 of the July 1 order on the question of whether receiver is guilty of malfeasance or other misconduct.

Citizens Bank defends the subject motion for leave to file suit by addressing each cause of action set forth in the proposed complaint with what is, in essence, a demurrer to each count of the proposed complaint combined with factual arguments.

The parties agree as to some of the legal principles that apply to the present contest. As the parties point out, "unless authorized by statute, a suit cannot be brought against a receiver without the permission of the court

which appointed him." *Warner v. Conn,* 347 Pa. 617, 620, 32 A.2d 740, 741 (1943). Additionally, "[i]t is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere." *Id.* at 620, 32 A.2d at 742.

Also applicable is the following:

"[W]here receivers have, vitute officii, possession of property in which a third party has an interest which is paramount to that of the receivers, the court appointing them should, upon proper application, give leave to such third party to enforce, in the appropriate court, his claim to the property in a suit against the receivers, and a *refusal to give such leave, when duly and properly applied for, is reversible error unless it clearly and certainly appears that the petitioner's alleged claim is not valid.*" *Meehan v. Connell Anthracite Mining Co.,* 318 Pa. 481, 488-89, 178 A. 833, 836 (1935). (emphasis added)

The proposed complaint appears to be well drafted. It sets forth the causes of action indicated above against Citizens Bank and receiver. The presentation of this proposed complaint against receiver is not precluded in the July 1 order as a way to convince the court that those who are allegedly aggrieved by receiver should be given permission to sue receiver. In fact, as pointed out, the July 1 order sets up no mechanism for the court to decide if permission to sue receiver should be given. As I also pointed out, this order was drafted and then presented to the court by Citizens Bank and Macungie with no appar-

ent input from movants. Under these circumstances, movants have given reason, with the proposed complaint, that they should be allowed to air their grievances in court. Their allegations are serious and the amount held in Wilmington Trust is substantial. The court, in the exercise of its discretion, hereby grants movants permission to move forward with their complaint against Citizens Bank and receiver.

The arguments presented by Citizens Bank, in opposition to this motion, are far outweighed by the need to have the serious allegations decided by the court in proceedings in which each party will have the opportunity to fully present its position.