**In re: David COLETTA, Appellant.**

No. 08–3655.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) May 29, 2009.

Opinion Filed: July 9, 2009.

David A. Scholl, Esq., Newtown Square, PA, for Appellant.

Jeffrey M. Cooper, Esq., Levin & Cooper, Upper Darby, PA, for Nicholas Mattera.

BEFORE: FISHER, CHAGARES and COWEN, Circuit Judges.

## OPINION

COWEN, Circuit Judge.

David Coletta, ("Debtor"), appeals from the order of the District Court for the Eastern District of Pennsylvania, which affirmed the U.S. Bankruptcy Court's grant of Nicholas Mattera's motion to reopen Debtor's Chapter 11 bankruptcy proceeding and annul the automatic stay as to two properties that were subject to a mortgage held by Mattera. Debtor argues that the Bankruptcy Court abused its discretion in retroactively annulling the automatic stay because this case is not one of the extreme sets of circumstances that would justify retroactive annulment. For the reasons set forth below, we find no abuse of discretion and will affirm.

## I.

Debtor was the owner of real property located at 6201 Grays Avenue and 6241–43 Dicks Avenue in Philadelphia, Pennsylvania. To secure repayment of a note in the principal amount of $60,000, Debtor granted Mattera a mortgage against the two properties. Soon thereafter, Debtor de-

faulted on the mortgage and triggered an acceleration clause, which made the entire principal and outstanding interest immediately collectable.

In June 2006, after several months of non-payment, Mattera filed a mortgage foreclosure action in the Court of Common Pleas in Philadelphia County. Debtor was represented by Stuart Eisenberg, Esq., an attorney with McCullough & Eisenberg, P.C. Debtor filed a non-conforming answer to Mattera's complaint, and on January 8, 2007, was given an additional twenty days to file an answer to the complaint that conformed with the court's rules. The court order granting the extension warned Debtor that failure to file a conforming answer in the time allowed would result in a default judgment being granted in favor of Mattera.

Rather than filing an answer in the Court of Common Pleas, Debtor filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania on January 16, 2007. Again, Debtor was represented by Mr. Eisenberg. Debtor maintains that, through his attorney, he immediately notified Mattera of his bankruptcy petition, but Mattera disputes that either he, or his attorney, ever received notice of the bankruptcy petition. The petition was subsequently dismissed, lifting the automatic stay, on February 22, 2007, because Debtor had failed to comply with the requirements that he file bankruptcy schedules or statements in support of his voluntary petition.

On February 15, 2007, seven days before the Bankruptcy Court dismissed Debtor's Chapter 11 petition, and thirty-eight days after its January 8 order granting Debtor an extension of time to file a conforming answer, the Court of Common Pleas entered a default judgment against Debtor in favor of Mattera in the amount of $62,577.43. Shortly thereafter, Mr. Eisenberg received written notice of the entry of judgment against his client, but neither he, nor Debtor, took any action in response to the notice.

Having secured a judgment, Mattera filed a petition for a writ of execution in the Court of Common Pleas. The writ was granted and both the Grays Avenue and the Dicks Avenue properties were scheduled for a sheriff's sale on August 7, 2007.

On August 6, 2007, the day before the sheriff's sale of the properties was scheduled to take place, Debtor filed a second petition for bankruptcy, this time under Chapter 13. Again, Debtor was represented by Mr. Eisenberg. As a result of Debtor's Chapter 13 petition, the impending sheriff's sale was canceled and rescheduled for October 2, 2007. Mattera moved before the Bankruptcy Court for relief from the automatic stay and Debtor correspondingly moved for an extension of the stay. Mattera maintains that this was the first time he received notice that a Chapter 11 petition had been filed on January 16, 2007. Before the Bankruptcy Court entered any decisions, Debtor withdrew his motion to extend and his opposition to Mattera's motion for relief from the automatic stay. The Bankruptcy Court granted Mattera's now unopposed motion in an order dated September 10, 2007, which specifically authorized Mattera to schedule a sheriff's sale of the two properties. The next day, Debtor's Chapter 13 petition was dismissed because he had again failed to submit any bankruptcy schedules or statements in support of his petition.

The sheriff's sale took place as rescheduled on October 2, 2007. Mattera bought both the Grays Avenue and the Dicks Avenue properties at the auction. Two weeks later, on October 15, 2007, Debtor filed a petition in the Court of Common Pleas to

strike the default judgment and set aside the sheriff's sale. Debtor asserted that the default judgment was entered in violation of the automatic stay imposed by the filing of his Chapter 11 petition on January 16, 2007, thereby rendering it void, and that all of the subsequent execution proceedings based on the invalid judgment were also necessarily void.

Mattera responded by filing a motion before the Bankruptcy Court essentially requesting that it vacate the order dismissing Debtor's Chapter 11 petition and annul the application of the automatic stay as to the Grays Avenue and the Dicks Avenue properties.[1] Following an evidentiary hearing, the Bankruptcy Court granted Mattera's request for relief, vacating the order of dismissal and reinstating Debtor's Chapter 11 petition. The Court then exercised its discretion to retroactively annul the automatic stay and dismissed the case.[2]

The Bankruptcy Court's decision to retroactively annul the automatic stay was primarily based on its factual findings that at the time the default judgment was entered, Mattera lacked actual knowledge of the stay imposed by the filing of the Chapter 11 petition. In a written opinion, the Bankruptcy Court explained that it was more likely that Mr. Eisenberg's office had inadvertently failed to notify Mattera of the bankruptcy filing than it was that Mattera's attorney blatantly ignored the legal obligation to honor the automatic stay. Despite Mr. Eisenberg's testimony as to the customary office procedures for notification of creditors following the filing of a bankruptcy petition, the court noted that Mr. Eisenberg had failed to produce any evidence, such as a fax cover sheet or a copy of a letter, that would have supported Debtor's claim that Mattera was notified of the bankruptcy petition. On account of these findings, the Bankruptcy Court concluded that Mattera did not possess actual knowledge of Debtor's Chapter 11 petition, and its corresponding automatic stay, until some time in August, 2007, when it was disclosed in Debtor's motion for an extension of the stay in his Chapter 13 proceeding.

Debtor appealed to the District Court for the Eastern District of Pennsylvania, which affirmed the Bankruptcy Court's decision. The District Court concluded that the Bankruptcy Court applied the correct legal standard and had not abused its discretion in retroactively annulling the automatic stay. Debtor filed a timely appeal to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Because the District Court acted as an appellate court in reviewing the final order of the Bankruptcy Court, we exercise plenary review of the District Court's decision. *In re Myers,* 491 F.3d 120, 124 (3d Cir.2007) (citations omitted). "In reviewing the decision of the bankruptcy court, we exercise the same standard of review as the district court. Legal determinations are reviewed *de novo.* Factual determinations are reviewed under the clearly erroneous standard." *Sovereign Bank v. Schwab,* 414 F.3d 450, 452 n. 3 (3d Cir.2005) (citations omitted).

Debtor's sole argument on appeal is that the Bankruptcy Court erred in retroactively annulling an automatic stay. A bankruptcy court's decision to retroactively an-

---

1. Mattera also asked the Bankruptcy Court to validate the October 2nd sheriff's sale of the two properties, but the court declined to do so, noting that the validity of the sale was best determined in state court.

2. The Bankruptcy Court denied Debtor's subsequent motion for reconsideration.

nul the automatic stay is reviewed for abuse of discretion. *See* 11 U.S.C. § 362; *Myers,* 491 F.3d at 128. Although it is true that any action taken in violation of the stay is void, a "bankruptcy court has the authority to make exceptions to and to annul the automatic stay under 11 U.S.C. § 362(d)." *Myers,* 491 F.3d at 127. Section 362(d)'s use of the term "annulling" means that a bankruptcy court is able to ratify violations of the automatic stay that would otherwise be void. *See id.* at 127–28; *In re Siciliano,* 13 F.3d 748, 752 (3d Cir.1994) ("An annulment can operate retroactively to rehabilitate violations of an automatic stay."). Essentially, to annul a stay is to negate its existence.

There are a number of factors that a bankruptcy court may consider when determining whether to grant relief from the automatic stay. Two of the most pertinent factors are whether a creditor violated the automatic stay inadvertently and in ignorance of a pending bankruptcy and whether the debtor acted in bad faith. *See In re Soares,* 107 F.3d 969, 977 (1st Cir.1997); *see also Myers,* 491 F.3d at 129. The bankruptcy court is given "wide latitude" to consider these factors and "to balance the equities when granting relief from the automatic stay." *Myers,* 491 F.3d at 130.[3] Thus, if a bankruptcy court correctly identifies the relevant factors, we will only disturb its decision to annul the stay if it is shown to have been an abuse of discretion.

Debtor does not take issue with the Bankruptcy Court's identification of the relevant factors, only their application to the facts of this case. But there was no abuse of discretion here. The Bankruptcy Court found that Mattera inadvertently violated the automatic stay when he secured a judgment against Debtor in the Court of Common Pleas because at the time the default judgment was entered, Mattera had no knowledge of Debtor's Chapter 11 filing. In resolving this highly disputed question of fact, the Bankruptcy Court determined that it was more likely that Debtor's counsel inadvertently failed to notify Mattera than it was that Mattera's counsel blatantly ignored the legal obligation to honor the automatic stay. This finding was supported by Mr. Eisenberg's failure to produce any documentary evidence suggesting that Mattera or his counsel had been notified of the Chapter 11 filing. The Bankruptcy Court determined that this "innocent violation" of the automatic stay weighed in favor of retroactive relief. App. at 20. Indeed, inadvertently violating the automatic stay is highlighted by *Soares* as a prime example of when retroactive relief may be justified. *See Soares,* 107 F.3d at 977.[4]

In addition, the Bankruptcy Court found that Debtor was chargeable with inequitable conduct because he allowed an inordinate amount of time to elapse before he raised the violation of the automatic stay. App. at 20–21. The Bankruptcy Court

---

**3.** Some cases have stated that retroactive annulment of the automatic stay is only appropriate in "extreme circumstances," while other cases describe the "wide latitude" that a bankruptcy court has to balance the equities. *See Myers,* 491 F.3d at 129. Although it is not clear what, if any, differences there are between these two approaches, we follow *Myers,* which couched its holding in terms of "the wide latitude accorded to the Bankruptcy Court to balance the equities when granting relief from the automatic stay." *Id.* at 130.

**4.** Contrary to Debtor's contentions, the facts of *Soares* differ from the instant case in an important respect. In *Soares,* the creditor admitted to having knowledge of the debtor's bankruptcy filing, but failed to notify the state court prior to the entry of default. *See Soares,* 107 F.3d at 972. Here, the Bankruptcy Court found that Mattera had no knowledge of the Chapter 11 filing until August 2007, several months after the default had been issued, and there is no reason to disturb that finding.

received no explanation as to why Debtor did not immediately object to the entry of the default judgment, nor was there any explanation as to why it took Debtor eight months to assert a violation of the stay. The Bankruptcy Court was also troubled by Debtor's failure to raise the propriety of the default judgment when given the opportunity to do so during his Chapter 13 filing; Debtor's withdrawal of his opposition to Mattera's motion for relief from the stay; and Debtor's failure to follow through on even the most basic requirement, the filing of bankruptcy schedules, in either of his two petitions. As the Bankruptcy Court concluded, both this inequitable conduct and Debtor's one-sided use of the bankruptcy process weigh heavily in favor of annulment.

Debtor nevertheless argues that Mattera's failure to obtain relief from the stay prior to conducting the sheriff's sale should have precluded him from obtaining retroactive relief and that the Bankruptcy Court erred by granting relief to a party with unclean hands. The Bankruptcy Court, however, did take into consideration the fact that Mattera proceeded with the scheduled sheriff's sale of the two properties without resolving the Chapter 11 stay violation. The Bankruptcy Court acknowledged that it would have been preferable for Mattera to have requested an annulment of the stay prior to the sale of the properties, but noted that the order granting Mattera relief from the stay in the Chapter 13 case expressly permitted Mattera to proceed with the sheriff's sale. Ultimately, the Bankruptcy Court determined that this one consideration did not outweigh the other factors that weighed in favor of annulment. This balancing was

within the wide latitude accorded to the Bankruptcy Court and was not an abuse of discretion.[5]

## III.

For the reasons set forth above, we find that the Bankruptcy Court did not abuse its discretion in retroactively annulling the automatic stay as to Mattera and the Grays Avenue and Dicks Avenue properties. Accordingly, we will affirm the District Court's order.

---

**5.** The other allegedly inequitable factors raised by the Debtor—the failure to provide adequate notice of the sheriff's sale and the inadequacy of the purchase price—are issues that are more appropriate for state court and are not factors to be considered in the annulment of a stay.